**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4785**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DEVIN ROCHARD MEANS, JR., a/k/a Little D, a/k/a Devin
Rochard Means,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:07-cr-01467-HMH-5)

Submitted:  April 24, 2014         Decided:  May 2, 2014

Before SHEDD and DUNCAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. William N. Nettles, United States
Attorney, William J. Watkins, Jr., Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devin Rochard Means, Jr., appeals from his twenty-four-month sentence imposed pursuant to the revocation of his supervised release. On appeal, Means avers that his sentence was plainly unreasonable because the district court did not give individualized reasoning for the chosen sentence.[*] We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In making our review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. (emphasis in original).

---

[*] Means' counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious issues for appeal. However, when our review of the record pursuant to Anders revealed non-frivolous claims, we ordered counsel to file a merits brief. Means' merits brief challenges only the adequacy of the court's explanation of sentence and, therefore, waives all other claims.

When imposing sentence, the district court must provide individualized reasoning:

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority . . . . Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments.

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547-48 (4th Cir. 2010) (noting that a district court's reasoning may be "clear from context" and the court's statements throughout the sentencing hearing may be considered). In fact, in a case of supervised release revocation, we "may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference . . . afford[ed to] district courts when imposing these sentences; but a district court may not simply impose sentence without giving *any* indication of its reasons for doing so." Id. (emphasis in original).

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district

court, [this court] review[s] for abuse of discretion" and will reverse unless it concludes "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from 18 U.S.C. § 3553(a) (2012) "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77. To establish plain error, a defendant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Aidoo, 670 F.3d 600, 611 (4th Cir. 2012), cert. denied, 133 S. Ct. 627 (2012). Finally, plain errors should only be corrected where not doing so would result in a miscarriage of justice. United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010). Because counsel did not request a sentence below the Guidelines range, we review for plain error.

Here, there is no dispute that the sentence falls within the applicable statutory maximum of five years' imprisonment. 18 U.S.C. § 3559(a)(1) (2012); 18 U.S.C. § 3583(e)(3) (2012). The district court also adopted without objection the Chapter 7 advisory policy statement range of

4

twenty-four to thirty months' imprisonment and heard argument from counsel and allocution from Means. However, the record reveals that the court offered no reasoning for its chosen sentence. Such was error, and the error was plain. See Thompson, 595 F.3d at 548 (noting that the requirement to provide a minimal statement of reasons for the sentence imposed in revocation proceedings is "clearly settled").

However, we conclude that the error did not affect Means' substantial rights. Means was sentenced to the bottom of the policy statement range, his counsel did not request a lower sentence, and a district court has broad discretion to impose sentence. Means does not argue that the court would have imposed a lower sentence had it provided a more thorough explanation, and nothing in the record supports such an argument. See United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (explaining that, to demonstrate that a sentencing error affected defendant's substantial rights, the defendant must show that he would have received a lower sentence had the error not occurred).

In addition, there was no miscarriage of justice in this case. Although the court's explanation did not reveal that it had considered the relevant § 3553(a) factors, the court explicitly adopted the probation officer's Guidelines range as calculated in his violation report, and the report addressed the

5

facts and circumstances of Means' violation, as well as his underlying criminal conduct. Moreover, the court clearly listened to counsel's argument, as the court permitted the self-reporting that Means requested. Given that counsel did not request a lower sentence, the court acted well within the bounds of justice by imposing a presumptively reasonable sentence at the low end of the advisory Guidelines range. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable."). As such, we decline to correct the district court's error.

Accordingly, Means' sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6